**John P. DULLEA, Plaintiff,**

v.

**PENSION BENEFIT GUARANTEE CORPORATION, Defendant.**

**Case No. 16–cv–00147 (CRC)**

United States District Court, District of Columbia.

Signed 08/01/2016

---

John P. Dullea, Halstad, MN, pro se.

Kenneth Jay Cooper, Nicole C. Hagan, Sarah Julienne Humphrey, Pension Benefit Guaranty Corporation Office of General Counsel, Washington, DC, for Defendant.

## ORDER

CHRISTOPHER R. COOPER, United States District Judge

Plaintiff John Dullea has moved the Court to reconsider its May 19, 2016 Order granting Defendant Pension Benefit Guarantee Corporation's ("PBGC's") motion to set aside the Clerk's entry of default. On November 20, 2015, the U.S. District Court for the District of Minnesota denied the PBGC's motion to dismiss, but granted its motion to transfer the case to this Court. The PBGC was unable to file its answer for over two months, however, because the case was not actually transferred until January 28, 2016. Government counsel filed the PBGC's answer on February 9, 2016, five days after she claimed to have learned that a case had been opened in this Court. The Court accepted counsel's representation in its Order setting aside the entry of default.

Dullea has now attached two documents in support of his assertion that government counsel "misled the Court[ ]." Pl.'s Notice of May 20, 2016 ("Pl.'s Notice"), at 1, ECF No. 44. The first is a Notice of Electronic Filing from the Minnesota court's docket showing that government counsel received email notification on January 28, 2016 that the case had been transferred to this Court. See id. at 3. But the Court was aware of this fact when it issued its previous Order. See Telephonic Hr'g Tr. 3, May 19, 2016 ("THE COURT: And the order transferring the case to D.C. was entered on the docket in Minnesota, correct? Ms. HAGAN: Yes."). The second attached document is a docket entry in the Minnesota case that reads, "Staff notes—Case transferred from Minnesota and has been opened in the District of Columbia as case 1:16-cv-00147, filed 01/28/2016." Pl.'s Notice 3. As far as the entry reflects, however, neither party was delivered a physical or electronic copy of these staff notes. So Dullea has not rebutted the PBGC's claim that it "learned that a case had been opened [in this Court] when it received a copy of [the] Entry of Default by Clerk by mail from the Plaintiff." Govt.'s Mot. Set Aside Entry of Default 2, ECF No. 38.

■■■ The Court emphasizes that default judgments are "generally disfavored," given that "entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice." Int'l Painters and Allied Trades Union and Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F.Supp.2d 22, 25 (D.D.C. 2003). Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." In resolving a motion to do so, it should consider "whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." Acree v. Republic of Iraq, 658 F.Supp.2d 124, 127 (D.D.C. 2009) (citations omitted). In weighing these factors, "all doubts are resolved in favor of the party seeking relief" from the entry of default. Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980). Importantly, "delay in and of itself does not constitute prejudice." Acree, 658 F.Supp.2d at 128 (internal quotation marks omitted). Prejudice arises, rather, from delay's attendant dangers: "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." Id. (quoting KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003)). And in this Circuit, a defense is "meritorious" as long as it "contain[s] even a hint of a suggestion which, proven at trial, would constitute a complete defense." Id. at 129.

■■■ Perhaps government counsel ought to have performed an ECF search for the parties' names upon being notified that the case

had been transferred to this Court. Still, the PBGC answered the Complaint just a few days after learning of the case number associated with this case, which itself occurred soon after the case was actually transferred. There is no indication that government counsel willfully delayed the resolution of this matter, or that Dullea's legal rights were prejudiced by a short lag in the proceedings. Nor have Dullea's filings to date "squarely foreclose[d] the merits" of the PBGC's substantive arguments. Id. For these reasons, the Court will deny Dullea's motion for reconsideration.

**SO ORDERED.**